IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD OTTO HANSEN,<br><br>Plaintiff,<br><br>vs.<br><br>JANA M. CHASE, in her individual capacity, and in her official capacity as a Community Services Coordinator of Community Action Partnership of Mid-Nebraska,<br><br>Defendant. | 8:19CV202<br><br>MEMORANDUM<br>AND ORDER |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 7.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

This is a 42 U.S.C. § 1983 action for failure to properly administer a county general-assistance program in violation of the Plaintiff's right to due process. Plaintiff, who is a resident at the Good Samaritan Society in Superior, Nebraska, alleges that Defendant Jana Chase—a Community Services Coordinator who contracts with Nuckolls County, Nebraska, to administer the county's general-assistance program—violated his constitutional rights to procedural and substantive due process. Plaintiff alleges that Chase violated several Nebraska statutes[1] that govern county general-assistance programs when Plaintiff was not given high-blood-pressure medication from March 11, 2008, to May 6, 2015, resulting in a stroke on May 6, 2015. Plaintiff requests monetary and declaratory relief. (Filing 1.)

---

[1] Plaintiff references Neb. Rev. Stat. §§ 68-104, -126, -131 to -134, and -147 (Westlaw 2020).

## II.  STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

### A.  Section 1983; State Action Requirement

Plaintiff brings his procedural and substantive due process claims pursuant to 42 U.S.C. § 1983. Section 1983 creates a cause of action for those who are deprived of a federally protected right by a person acting "under color of state law." *Sabri v. Whittier All.*, 833 F.3d 995, 1000 (8th Cir. 2016). While section 1983 does not by itself establish any substantive rights, it may be invoked to vindicate federal rights conferred by the United States Constitution and federal statutes. *Henley v. Brown*, 686 F.3d 634, 640 (8th Cir. 2012).

2

Only state actors may be held liable under section 1983. *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). "A private party may be deemed a state actor for purposes of section 1983 liability when he acts under cover of state law and performs a function 'traditionally exclusively reserved to the state.'" *Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 584 (8th Cir. 2006) (quoting *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 352 (1974)); *see also Sabri*, 833 F.3d at 1000 ("A private party is considered a state actor if the alleged deprivation was caused by the exercise of some right or privilege created by the [s]tate or by a rule of conduct imposed by the state or by a person for whom the [s]tate is responsible." (internal quotation marks and citation omitted)); *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (private party may be characterized as state actor for purposes of § 1983 when "the state has delegated to a private party a power traditionally exclusively reserved to the State," "where a private actor is a willful participant in joint activity with the State or its agents," and "where there is pervasive entwinement between the private entity and the state," with the ultimate conclusion turning on the particular facts of the case (internal quotation marks and citations omitted)).

Here, Plaintiff alleges that Defendant Jana Chase is a "community action agency official" who "is employed as a Community Services Coordinator of Community Action Partnership of Med-Nebraska-Superior [] which contracts with the Nuckolls County board of Commissioners to administer Nuckolls County's General Assistance Program," which is "a public assistance plan provided for by Nebraska law and administered by the individual counties . . . ." (Filing 1 at CM/ECF p. 2.) Thus, Plaintiff alleges that Nuckolls County is required by state statute to administer and provide general-assistance benefits, Nuckolls County has delegated this obligation to the Community Action Partnership, and the Partnership, through the Defendant, has contractually assumed that obligation. Because Plaintiff has alleged that the Defendant was performing a function that is mandated to the counties by state statute, it appears, for purposes of initial review only, that the Defendant is a state actor for purposes of

section 1983.[2] *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." (internal quotation marks and citation omitted)); *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Anyone whose conduct is fairly attributable to the state can be sued as a state actor under § 1983." (internal quotation marks and citation omitted)); *Avery v. Helder*, No. 5:16-CV-5169, 2017 WL 776702, at *3 (W.D. Ark. Feb. 28, 2017) (private corporation that contracted to supply food to county detention center was state action for purposes of 42 U.S.C. § 1983; collecting cases).[3]

## B. Due Process Claims

"General assistance programs are made available by each Nebraska county to provide benefits to indigent persons who are not eligible for other state and federal assistance programs." *Salts v. Lancaster Cty.*, 697 N.W.2d 289, 291 (Neb. 2005) (citing Neb. Rev. Stat. §§ 68-104 to 68-156 (Reissue 2003)). The Nebraska statutes governing county general-assistance programs make county boards "the overseer of the poor" and give to counties "a mandatory duty to provide for poor persons whether they are residents or nonresidents of the county." *Creighton-Omaha Regional Health Care Corp. v. Douglas County*, 277 N.W.2d 64, 67 (Neb. 1979). "The extent of a county's duty to provide assistance to indigent persons must be determined by reference to the applicable statutes which create the duty." *Salts*, 697 N.W.2d at 292.

---

[2] The court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

[3] *But see Schmitz v. Upper Des Moines Opportunity, Inc.*, No. C08-4087, 2009 WL 3019812 (N.D. Iowa Sept. 21, 2009) (in employment action against non-profit community-action agency that served several counties and provided services to low-income individuals, agency was not state actor for § 1983 purposes); *Joseph v. Community Action Comm'n to Help Economy, Inc.*, 503 F. Supp. 73, 75 (S.D.N.Y. 1980) (in employment action against community-action agency that assisted the poor, agency was not state actor for § 1983 purposes because state did not regulate agency's personnel policies and did not participate in plaintiff's discharge).

The county general-assistance statutes at issue here, Neb. Rev. Stat. §§ 68-104 to 68-147 (Westlaw 2020), provide relief from the county treasury to "poor persons" who have no other form of support. Neb. Rev. Stat. § 68-131. Nebraska counties are required to adopt written standards of eligibility, including a "schedule of goods and services" necessary to ensure the "maintenance of minimum health and decency," such as food, housing, and medical expenses. Neb. Rev. Stat. § 68-133. If a person's application for assistance is denied or assistance is terminated, the county is bound to provide written notice of the reasons for the denial or termination and to inform the applicant of the right to a review hearing before the county board or its designee and the procedures for requesting such a hearing. Neb. Rev. Stat. §§ 68-138, -139. The applicant may seek review of the county's decision in county district court. Neb. Rev. Stat. § 68-142.

Actions under 42 U.S.C. § 1983 for failure to properly administer county general-assistance programs in violation of the plaintiffs' rights to due process were allowed to proceed in federal court in *Moe v. Brookings Cty. S. D.*, 659 F.2d 880 (8th Cir. 1981) (holding that federal district court should not have abstained from deciding § 1983 action for declaratory, injunctive, and compensatory relief for alleged violation of due process caused by county's failure to administer county relief program for the poor in accordance with written, objective, and ascertainable standards) and *Daniels v. Woodbury Cty., Iowa*, 742 F.2d 1128, 1130 (8th Cir. 1984) (§ 1983 action for violation of procedural due process rights in administration of county general-relief program).

In *Daniels*, the court entertained both procedural and substantive due process challenges, as Plaintiff attempts here. As to the plaintiffs' *procedural* due process[4]

---

[4] To demonstrate a procedural-due-process violation, a plaintiff must "show a deprivation of life, liberty, or property without sufficient process." *Hughes v. City of Cedar Rapids, Iowa*, 840 F.3d 987, 994 (8th Cir. 2016). To determine the kind of process due, courts balance three factors:

> 1) the nature and weight of the private interest affected by the challenged official action; 2) the risk of an erroneous deprivation of such interest as a result of the summary

5

claim in *Daniels*, the court addressed whether the plaintiffs had a legitimate claim of entitlement to relief assistance, otherwise known as a protected property interest. The court looked at whether the applicable state statutes and administrative code created an "expectation in the receipt of general assistance for all people eligible." *Daniels*, 742 F.2d at 1132. Because the statutes and regulations did create such an interest, the court then determined what process was due in the administration of the county's general-relief program. *Id*. at 1133. As to the plaintiffs' *substantive* due process challenge, the *Daniels* court determined whether the benefit levels given to the plaintiffs bore a "rational relationship to the legitimate government interest in providing for the needs of the poor." *Id*. at 1136 (noting that "[w]elfare benefits are not a fundamental right, and neither the State or Federal Government is under any sort of constitutional obligation to guarantee minimum levels of support" (quoting *Lavine v. Milne*, 424 U.S. 577, 584 n.9 (1976)).

In contrast to the *Moe* and *Daniels* cases, here Plaintiff has not alleged that he applied to the county for relief in the form of medication benefits, that such relief was denied, that Plaintiff did not receive an explanation for the denial of benefits, that he was not advised of his right to appeal, or that he appealed and it was denied. Here, Plaintiff alleges only that the Defendant violated the Nebraska county general-assistance statutes by not giving him high-blood-pressure medication, resulting in his stroke. These allegations fail to state a procedural-due-process claim because there is no allegation that Plaintiff followed the procedures about which he complains. *See Raymond v. Bd. of Regents of the Univ. of Minnesota*, 847 F.3d 585, 589 (8th Cir. 2017) ("Under federal law, a litigant asserting a deprivation of procedural due process must exhaust state remedies before such an allegation states a claim under § 1983."; "A plaintiff cannot complain of a violation of procedural due process when he has not

---

> procedures used; and 3) the governmental function involved and state interests served by such procedures, as well as the administrative and fiscal burdens, if any, that would result from the substitute procedures sought.

*Id*. (quoting *Booker v. City of Saint Paul*, 762 F.3d 730, 734 (8th Cir. 2014), *citing Mathews v. Eldridge*, 424 U.S. 319, 334 (1976)).

availed himself of existing procedures." (internal quotation marks and citations omitted)); *Krentz v. Robertson*, 228 F.3d 897, 904 (8th Cir. 2000) (finding that a plaintiff who was "aware of the available administrative procedures, yet did not pursue relief thereunder" had waived due process; "Our cases explain that an employee waives a procedural due process claim by refusing to participate in post-termination administrative or grievance procedures made available by the state.").

Plaintiff's Complaint also fails to state a substantive-due-process claim because Plaintiff does not allege any facts from which the court can determine whether the medication benefit levels given to the Plaintiff bore a "rational relationship to the legitimate government interest in providing for the needs of the poor." *Daniels*, 742 F.2d at 1136.

## IV. CONCLUSION

As currently written, Plaintiff's Complaint fails to state a claim upon which relief may be granted. However, the court will allow Plaintiff to file an amended complaint alleging facts indicating that Plaintiff followed the procedures set forth in the relevant county general-assistance statutes (Neb. Rev. Stat. §§ 68-104 to 68-147 (Westlaw 2020)) in seeking his desired medication benefits. Specifically, Plaintiff must truthfully allege facts establishing that he applied to the county for medication benefits, that such relief was improperly denied, that Plaintiff did not receive an explanation for the denial of benefits, that he was not advised of his right to appeal, or that he appealed and it was denied.

IT IS ORDERED:

1. Within 30 days from the date of this Memorandum and Order, Plaintiff may file an amended complaint to properly allege procedural and substantive due process claims in accordance with the above discussion, in the absence of which this matter shall be dismissed without further notice to Plaintiff.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

4. The Clerk of Court is directed to set a pro se case management deadline in this case using the following text: March 19, 2020: Plaintiff's amended complaint due.

Dated this 18th day of February, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge